UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. THOMAS,

    Petitioner,

v.

                              Case No. 17-10395

                              Honorable Avern Cohn

BONITA HOFFNER,

    Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (Doc. 2)
## AND
## DISMISSING THE PETITION AS UNTIMELY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner James R. Thomas, a Michigan prisoner proceeding pro se, challenges his 1978 state court convictions, following a guilty plea, for second-degree murder and assault with intent to commit murder. Petitioner says that he is entitled to habeas relief because his trial attorney misadvised him and failed to object to an illusory plea bargain. Petitioner has also filed a motion for equitable tolling, in which he seeks a delayed start to the statute of limitations. For the reasons that follow, the motion for equitable tolling will be denied and the habeas petition will be dismissed as barred by the statute of limitations.

II.

Petitioner was charged with first-degree murder and assault with intent to commit murder. In 1978, Petitioner plead guilty to second-degree murder, M.C.L. § 750.317, and assault with intent to commit murder, M.C.L. § 750.83. He was sentenced to two

concurrent terms of life imprisonment with the possibility of parole. The Michigan Court of Appeals affirmed Petitioner's convictions and Petitioner says that he did not seek further review in the Michigan Supreme Court.

Several years later, on or about September 9, 2013, Petitioner filed a motion for relief from judgment in state court raising his claim about trial counsel. On April 1, 2014, the trial court denied Petitioner's motion. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D), People v. Thomas, No. 323572 (Mich. Ct. App. Nov. 25, 2014). On November 24, 2015, the Michigan Supreme Court denied leave to appeal for the same reason. See People v. Thomas, 871 N.W.2d 166 (2015). On February 6, 2017, Petitioner filed his habeas petition, Doc. 1, and his motion for equitable tolling, Doc. 2.

III.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears . . . that the petitioner is not entitled to relief.' " Day v. McDonough, 547 U.S. 198, 207 (2006). A preliminary question here is whether the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see 28 U.S.C. § 2244(d)(1), bars substantive review of Petitioner's claim about trial counsel. AEDPA governs this case because Petitioner filed his habeas petition after AEDPA was enacted. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Moreover, the Court is "permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. at 209.

As noted, AEDPA established a one-year period of imitations for state prisoners to file their federal habeas corpus petition. Wall v. Kholi, 562 U.S. 545, 440 (2011) (citing 28 U.S.C. § 2244(d)(1)). The limitations period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)).

Here, Petitioner's conviction became final long before AEDPA was enacted on April 24, 1996. Therefore, he was entitled to a one-year grace period (until April 24, 1997) to file his habeas petition. Griffin v. Rogers, 399 F.3d 626, 631-32 (6th Cir. 2005)(citing Isham v. Randle, 226 F.3d 691, 693 (6th Cir. 2000)). Petitioner did not file a petition by that date. As such, the petition is time barred.

In his motion for equitable tolling, Petitioner relies to subsection (D). Petitioner says that he plead guilty because trial counsel advised him that, despite his life sentence, he would be released from prison, or at least become eligible for parole, after

3

serving ten years with good behavior and no more than twenty years.  Petitioner further says that his claim about trial counsel did not become ripe until June 15, 1999, twenty years after he began serving his sentence and his expected date for release from prison passed without any action.

Petitioner's allegations do not render the petition timely under 28 U.S.C. § 2244(d)(1)(D).  By Petitioner's own admission, the factual predicate for his ineffectiveness claim could have been discovered on June 15, 1999.  He then waited more than seventeen and a half years to file his habeas petition.

In further support of tolling, Petitioner says that in 1987, he received a prison misconduct ticket for sexual assault, and the Michigan Department of Corrections did not reverse the guilty finding until April 15, 2014.  Petitioner argues that, under 28 U.S.C. § 2244(d)(1)(B), the State's failure to expunge the misconduct ticket from his file was an impediment to filing a timely habeas petition, because there was no chance of being released on parole while the misconduct charge remained in his institutional file.  In other words, according to Petitioner, he could not prove that trial counsel's advice – that he would be released from prison in ten to twenty years – was bad advice until the misconduct matter was expunged from his file and he was not released from prison.

This argument is also unavailing.  Even if the Court were to assume that the State's failure to expunge Petitioner's sexual misconduct ticket from his institutional file was unconstitutional and that it impeded Petitioner's ability to assert his claims before April 15, 2014, Petitioner waited more than a year after that date to file his habeas petition.  Although he was pursuing state remedies on April 15, 2014, he could have simultaneously filed his habeas petition and sought a stay of the federal case while he

exhausted state remedies.  Furthermore, the state courts concluded their review of Petitioner's post-judgment motion on November 24, 2015.  Petitioner then waited more than a year to file his habeas petition.  Thus, even if Petitioner were entitled to a delayed start to the statute of limitations until April 15, 2014, the most generous interpretation, the petition is still untimely.

Finally, the Supreme Court has held that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of a petitioner's constitutional claims is the expiration of the statute of limitations.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  Here, however, Petitioner plead guilty to the crimes for which he is incarcerated and has not submitted any new and reliable evidence demonstrating that he is actually innocent.

Overall, Petitioner is not entitled to tolling of the statute of limitations.

IV.

For the reasons stated above, Petitioner's motion for equitable tolling is DENIED.  The petition is DISMISSED as untimely.  Further, because reasonable jurists would not debate whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right, the Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).

SO ORDERED.


Dated:  April 12, 2017  s/AVERN COHN
UNITED STATES DISTRICT JUDGE