UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. THOMAS,

       Petitioner,

                                          Case No. 17-10395

v.

                                          HON. AVERN COHN

BONITA HOFFNER,

       Respondent.

_____/

## **ORDER DENYING PETITIONER'S MOTION FOR AN AMENDED JUDGMENT**
### (Doc. 9)

I.

This is a habeas case under 28 U.S.C. § 2254. On February 6, 2017, petitioner James R. Thomas, a Michigan prisoner proceeding *pro se*, filed a habeas petition challenging his 1978 state court convictions for second-degree murder and assault with intent to commit murder. (Doc. 1). Petitioner claimed that his trial attorney's gross misadvice and failure to object to an illusory plea bargain violated his Sixth Amendment right to effective assistance of counsel. In a motion for equitable tolling that Petitioner filed with his petition (Doc. 2), Petitioner acknowledged that his petition was filed outside the one-year statute of limitations. He nevertheless argued that the statute of limitations began to run as of April 15, 2014, when the State ceased to impede his ability to assert his claims in a habeas petition.

On April 12, 2017, the Court denied Petitioner's motion for equitable tolling and dismissed the petition as untimely. (Doc. 8). Now before the Court is Petitioner's

motion for an amended judgment in which he seeks reconsideration of the dismissal. (Doc. 9). For the reasons that follow, the motion will be denied.

II.

Petitioner brings his motion under Federal Rule of Civil Procedure 59(e), which permits individuals to ask a court to alter or amend its judgment. "The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis for its decision." Keyes v. Nat'l R. R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). But "[a] district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). This is similar to the standard for reconsideration where the Court:

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." Hawkins v. Genesys Health Systems, 704 F. Supp.2d 688, 709 (E.D. Mich. 2010) (quoting Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

III.

In dismissing the petition, the Court found that even if the limitation period did not begin to run until April 15, 2014, as Petitioner claims, the petition was still untimely. In

2

his motion for an amended judgment, Petitioner does not challenge this finding but offers additional reasons that prevented him from timely filing a petition until 2017. Petitioner, for instance, says he has a physical condition known as "enstrophe," which renders him virtually blind, and that he had four surgeries for his condition between April 15, 2014, and early 2017 when he filed his habeas petition. He also says that while the MDOC provided him with legal assistance through November 24, 2015, he was then transferred to another prison (Lakeland Correctional Facility), and he had to re-apply for legal assistance. According to Petitioner, there was a delay in verifying his medical condition, but eventually he was approved for legal assistance at the Lakeland Facility, and a legal writer then helped him prepare his habeas petition. Petitioner asks the Court to take this information into consideration and reconsider whether the petition should be equitably tolled.

None of the information provided by Petitioner entitles him to equitable tolling. The fact that Petitioner was without legal assistance for an unspecified amount of time is not a basis for excusing his late filing. Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012). Furthermore, although Petitioner's virtual blindness and surgeries may have incapacitated him for a time, he has not supported his allegations with any documentation about his physical condition. He also has not alleged the date on which he was approved for legal assistance at the Lakeland Facility. His visual impediment would cease to be a problem once he acquired legal assistance. Colwell v. Tanner, 79 F. App'x 89, 93 (6th Cir. 2003).

IV.

For the reasons stated above, Petitioner has failed to demonstrate that he is entitled to equitable tolling between April 15, 2014, the date on which the State supposedly lifted its impediment to filing a timely habeas petition, and early 2017 when Petitioner actually filed his petition. Thus, the Court did not make a palpable error in its decision dismissing the petition, and no manifest injustice has occurred. Accordingly, Petitioner's motion for an amended judgment is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 27, 2017
Detroit, Michigan